**5**

JOHN R. ROBERTS
Bankruptcy Trustee
Court@Bankruptcy-info.com
P.O. Box 1506
Placerville, CA  95667-1506
(530) 626-6441

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. **13-30496-D-7** |
| **EDWARD MASAO KURATA LORRAINE ALAI KURATA,** | DC NO. **JRR-2** |
| Debtor(s). _____/ | DATE: **FEBRUARY 5, 2014** TIME:  **10:00 A.M.** COURTROOM: **34** |

## TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

NOW COMES JOHN R. ROBERTS, duly appointed and acting Trustee in this matter.

### Background

1. EDWARD KURATA and LORRAINE KURATA (hereinafter "Debtors") filed a Chapter 7 Bankruptcy on August 8, 2013 and John R. Roberts (hereinafter "Trustee") was appointed Trustee.

2. The Debtors' schedule B reflects that property of the Estate includes:  (1) the Debtors' 100% stock ownership of EMK Investments Inc. (hereinafter "EMK") with a current value of zero and (2) unpaid loans to EMK  with a current value of zero.  See Schedule B attached to the Exhibits as **Exhibit "A".**

3. The principal asset of EMK is a promissory note secured by a first Deed of Trust against the property commonly known as 6815 Trinidad Drive, San Jose, California (hereinafter "real property") payable on or before the later of disbursement of the Estate of John A. Alai or the disbursement of the estate

of Bridget A. Alai (hereinafter the "EMK/Alai Note").  See copy of Deed of Trust attached to the Exhibits as **Exhibit "B".**

4. The balance due on the EMK/Alai Note through the petition date was approximately $485,000.00 and continues to accrue interest at the rate of 4% until the entire sum has been paid.  The EMK/Alai Note has been amended twice.  The EMK/Alai Note in the face amount of $300,000.00 was originally signed on March 17, 2002 by John A. Alai and Bridget A. Alai as individuals.  The payment date was on or before the disbursement of the Estate of John and Bridget Alai.  See Note 1 attached to the Exhibits as **Exhibit "C".**  On July 31, 2002 the EMK/Alai Note was amended to name the borrowers as the Trustees of the Alai Family Revocable Trust and the payment date was a lump sum all due on or before February 28, 2011.  See Note 2 attached to the Exhibits as **Exhibit "D".**  On May 12, 2012 the EMK/Alai Note was once against amended to name the borrowers as John A. Alai and Bridget A. Alai as individuals with the payment date the later of the disbursement of the Estate of John A. Alai or the disbursement of the Estate of Bridget A. Alai.  See Note 3 attached to the Exhibits as **Exhibit "E".**

5. The liabilities of EMK are the unpaid loans Debtors made to EMK which total $728,015.00 along with paid-in capital totaling $171,206.00.

6. John A. Alai and Bridget A. Alai (hereinafter "Alais") are the parents of the co-debtor.  They are age 80 and 78 respectively.

7. The real property is held by the Alai Family Revocable Trust dated July 22, 2002 having been transferred to the trust by the recording of a Trust Transfer Deed on July 29, 2002.  See Deed attached to the Exhibits as **Exhibit "F".**

8. The Trustee believes he has an asset he can market for the benefit of the creditors.

### Respondent's Position

EMK and the Alais wish to resolve the dispute with the Trustee.  EMK will assign all of its right, title and interest in the EMK/Alai Note to the Trustee and the Alais will pay the Trustee the sum of $225,000.00 in full satisfaction of the EMK/Alai Note.

### Trustee's Position

Trustee has attempted to market the Notes and has discovered there may be problems.  Modifications to the Notes would be considered valid because they were signed by the individuals.  However, the Deed of Trust, without a corresponding Note and signatures of the Trustees of the Trust,  may be considered invalid or unenforceable leaving the Notes essentially unsecured.  If the rest of the assets of the Alais were transferred to the Alai Family Revocable Trust dated July 22, 2002 then there may be nothing to collect, barring a lawsuit to reform the Note and Deed of Trust.  If the Alais were to die their revocable trust would become an irrevocable trust and a claim against it would be close to impossible.

### Authorities

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure sets forth the Court's authority over compromises:

> On motion by the Trustee and after a hearing on notice to creditors, the debtor and indentured trustees as provided in Rule 2001(a) and to such other entities as the court may designate, the court may approve a compromise or settlement.

In exercising that authority, the Court must determine whether a proposed settlement is fair and equitable.  A determination of fair and equitable in turn requires the Court to compare the settlement with the likely results of litigation.  The proponents of the compromise must prove that, taking into account the complexity, expense, and likely duration of litigation, and all other factors relevant to it, as well as an objective probability of ultimate success, the compromise is fair and equitable.  See Protective Committee for Independent Stockholders of TMT Trailer Terry, Inc. v. Anderson 390 U.S. 414, 424-425, 88 S.Ct. 1157, 20 L. Ed.2d 1 (1968).

The Court has wide latitude in making that determination, but must consider:

(a)     The probability of success in the litigation;

(b)     The difficulties, if any, to be encountered in the matter of collection;

(c)     The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.

(d)     The paramount interest of the creditors and a proper deference to their reasonable views in the premises.  In re A & C Properties, 784 F.2d 1377, 1391 (9th Cir. 1986) cert. denied sub nom Martin v. Robinson, 107 S. Ct. 1989 (1986); see also In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

After considering these factors, the Court need only conclude that the settlement does not fall below the lowest bound of reasonableness.  In re Hydronic Enterprise, Inc., 58 B.R. 363, 366 (Bankr. D.R.I. 1986).   The Court's decision is a discretionary one and the burden of proof and persuasion are on the proponent of the settlement to show that it is fair and equitable.  In re A&C Properties, supra, 784 F.2d at 1381.

### Compromise

The parties have entered into a Settlement Agreement, a copy of which is attached to the Exhibits as **Exhibit "G".**  EMK will assign all of its right, title and interest in the EMK/Alai Note to the Trustee.  The Alais shall pay the Trustee the sum of $225,000.00 in full satisfaction of the EMK/Alai Note.  Upon the Trustee's receipt of the $225,000.00, the Estate's 100% stock interest in EMK shall be deemed abandoned to the Debtors.  The loans Debtors made to EMK shall also be deemed abandoned to the Debtors.  This offer has been accepted by the Trustee, subject to Bankruptcy Court approval and now comes before this honorable Court for approval of said Compromise and Settlement.

The Trustee believes that this compromise is in the best interest of the estate in that:

1. The probability of success in litigation is uncertain.  Once the Trustee has the rights to market the Notes, he would have to market the Notes for an amount more than $225,000.00.

2. If a Judgment were obtained it would not be difficult to collect because the holder of the Notes could foreclose on the real property which has a current fair market value of $1 million.

3. Litigation of this matter would be complex and would require experts in estate planning to determine if the modified Notes were enforceable.

4. This settlement is in the paramount interest of the creditors in that it will avoid the expense and delay of litigation and will result in a quicker distribution to creditors.


WHEREFORE, the Trustee prays that the Court make its Order approving the above-described Compromise and Settlement.

DATED:   January 7, 2014

/s/   JOHN R. ROBERTS, TRUSTEE
PO Box 1506
Placerville, CA  95667
530-626-6441
court@bankruptcy-info.com
State Bar No. 77919